IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3006 |
| vs. | ORDER |
| CODY J. BEHRENS, | |
| Defendant. | |

This matter is before the Court on the defendant's "Motion for Permission to Pursue Reduction in Sentence" (filing 68). That motion will be denied without prejudice to the merits of any motion for sentence reduction that the defendant files.

To be clear: the Court is expressing no opinion on whether the defendant may or should file a motion for a sentence reduction, nor is the Court expressing any opinion on the merits of such a motion. Rather, the problem is this: the Court can't determine ahead of time whether a hypothetical motion is timely or has merit. Only when a motion is actually filed can the Court review it, determine what kind of motion it is, and then decide whether it was filed on time, whether it meets all the jurisdictional requirements for such a motion, and whether the defendant is entitled to any relief.

The Court understands that the defendant is proposing to file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* filing 68. But motions get mislabeled all the time. See *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see also Castro v. United States*, 124 S. Ct. 786, 791 (2003). Only when the Court has the motion on file can the Court say for sure whether it was filed appropriately.

- 2 -

So, what the defendant should do is file his motion—including his allegations that he has exhausted his administrative remedies. *See United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir. 2021). The Court will determine then whether the Court may consider it. In the meantime,

IT IS ORDERED that the defendant's "Motion for Permission to Pursue Reduction in Sentence" (filing 68) is denied without prejudice.

Dated this 27th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge